UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AMY OGLE, )<br>)<br>   *Plaintiff*, )<br>)<br>v. )<br>)<br>WILLIAM T. JONES, individually and in his )<br>official capacity, and ANDERSON )<br>COUNTY, TENNESSEE, )<br>)<br>   *Defendants*. ) | Case No. 3:20-cv-293<br><br>Judge Atchley<br><br>Magistrate Judge McCook |

## MEMORANDUM OPINION AND ORDER

Plaintiff Amy Ogle asserts claims against Defendants William T. Jones and Anderson County, Tennessee, under 42 U.S.C. § 1983 and the Tennessee Human Rights Act ("THRA"), TENN. CODE ANN. §§ 4-21-101–1004. [Doc. 1]. Three motions are now ripe for the Court's review. These motions include Defendant Jones's Motion to Dismiss [Doc. 71] and Motion for Partial Summary Judgment [Doc. 75]. Also before the Court is Plaintiff Ogle's Motion for Partial Summary Judgment [Doc. 78]. The Court will consider each of these motions below.

### I. FACTUAL BACKGROUND

This case stems from allegations of sexual harassment. Plaintiff Amy Ogle worked as a Deputy Clerk in the Anderson County Circuit Court Clerk's Office. [Doc. 87-2 at 25]. Ogle alleges that during her employment, Circuit Court Clerk William T. Jones sexually harassed her. Her allegations are as numerous as they are troubling. Ogle claims that Jones inappropriately touched and rubbed her and referred to her as "prissy bitch." [*Id.* at 48–49, 100]. Jones also allegedly incentivized Ogle to comply with his sexual demands. For example, he allegedly demanded that

she send photos of her breasts so she could remain on vacation and informed her that she would not receive another pay raise until she "got out of her shyness." [*Id.* at 59, 66].

For reasons unrelated to the alleged sexual harassment, Ogle went on medical leave from November of 2017 to May of 2018. [Doc. 91-2 at 84–85]. Near the end of the leave period, Jones staged a meeting with Ogle at an Arby's, where Ogle alleges Jones asked her to sign a statement denying all sexual harassment allegations. [Doc. 87-2 at 113–14]. Ogle agreed to sign a statement but quickly reversed course and decided not to after she left the meeting. [*Id.* at 114]. The meeting prompted Ogle to contact HR Director Kim Whitaker, who arranged for Ogle to transfer to the sheriff's office after her leave expired. [*Id.* at 115–16, 119]. Ogle worked in the sheriff's office for a short period before returning to the clerk's office on June 28, 2018. [Doc. 91-2 at 97].

Shortly before returning to the clerk's office, however, Ogle filed suit against Jones and Anderson County for the sexual harassment. *Ogle v. Jones & Anderson Cnty., Tenn.*, No. 3:18-cv-220, Doc. 1 (E.D. Tenn. June 3, 2018). The parties later stipulated to the dismissal of that case without prejudice on July 1, 2019. *Id.* at Doc. 20. Ogle filed this suit one year later and included identical allegations in her Complaint. The parties filed several dispositive motions, and three of those motions are now ripe for the Court's review.

II. ANALYSIS

A. Jones's Motion to Dismiss

Jones moves to dismiss his second counterclaim, which seeks to recover attorney's fees stemming from Ogle's previous lawsuit against him. [Doc. 71]. As grounds for dismissal, Jones asserts that the relevant attorney's fees statute, 42 U.S.C. § 1988, is not applicable to Ogle's previous lawsuit. [*Id.*]. Jones specifically requests dismissal of his second counterclaim pursuant to Federal Rule of Civil Procedure 41(c). [*Id.*]. Ogle does not oppose Jones's request for dismissal,

2

but she also asks the Court to dismiss Jones's third counterclaim for attorney's fees stemming from the instant lawsuit. [Doc. 82 at 2].

Federal Rule of Civil Procedure 41(c) provides that the rules applicable to voluntary dismissals of "actions," as set forth in the remainder of Rule 41, also apply to voluntary dismissals of counterclaims. "Sixth Circuit precedent holds that Rule 41 can only be used to dismiss entire *actions*; accordingly, it cannot be used to dismiss fewer than all parties or all claims." *First Energy Corp. v. Pircio*, No. 1:20-cv-1966, 2021 WL 4256150, at *1 (N.D. Ohio Feb. 16, 2021). This view stems from Rule 41's plain language. Indeed, "Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim refers to what has traditionally been termed 'cause of action.'" *Id.* (quoting *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961)).

With Rule 41 unavailable to dismiss anything less than the entire action, courts turn to Federal Rule of Civil Procedure 21. That rule provides as follows: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Courts apply Rule 21 to dismiss fewer than all claims in an action. *First Energy Corp.*, 2021 WL 4256150, at *1–2 (applying Rule 21 to dismiss the defendant's counterclaims against one of the two plaintiffs); *Systematic Power Sols., LLC v. Fullriver Battery Manufacture Co.*, No. 3:19-cv-277, 2023 WL 6518861, at *10 (E.D. Tenn. Aug. 18, 2023) (applying Rule 21 to dismiss some, but not all, of the plaintiff's claims).

Jones seeks to dismiss only one of his three counterclaims. [Doc. 71]. Two of his counterclaims remain pending, along with Ogle's several claims against both Defendants. Because dismissal of Jones's second counterclaim does not resolve the entire action, dismissal is proper

3

under Rule 21 as opposed to Rule 41(c). Accordingly, Jones's second counterclaim is dismissed pursuant to Rule 21.

This ruling does not conclude the Court's review of Jones's motion, however. In her response to Jones's motion, Ogle agrees with dismissal of the second counterclaim but also seeks dismissal of Jones's third counterclaim. [Doc. 82 at 2]. Federal Rule of Civil Procedure 7(b)(1) explains that any "request for a court order must be made by motion." A response brief is not a motion. Ogle's request for dismissal of the third counterclaim, included only in her response brief, is plainly improper. *Cox v. Erie Ins. Exchange*, No. 1:18-cv-1196, 2019 WL 3021218, at *1 n.1 (W.D. Tenn. July 10, 2019) (explaining that "it is not proper to include a separate request for relief in a response" (citing *Marsh v. Rhodes*, No. 14-12947, 2016 WL 11469776, at *1 n.1 (E.D. Mich. Apr. 21, 2016))). The Court will not consider Ogle's improper request for relief.

B.  Jones's Motion for Partial Summary Judgment

Jones requests summary judgment on his first counterclaim, which seeks to recover attorney's fees pursuant to TENN. CODE ANN. § 29-20-113. [Doc. 75]. According to Jones, the statute entitles him to attorney's fees based on Ogle's voluntary dismissal of her previous lawsuit against him (hereinafter "*Ogle I*"). [*Id.*]. For the following reasons, TENN. CODE ANN. § 29-20-113's plain language undermines Jones's claim for attorney's fees, and his request for summary judgment will be denied.

"Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Sommer v. Davis*, 317 F.3d 686, 690 (6th Cir. 2003) (citing Fed. R. Civ. P. 56(c)). When ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Id.* (citing *Matsushita Elec. Indus. Co.,*

4

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The Court begins with TENN. CODE ANN. § 29-20-113's text. The statute establishes the following requirements for an award of attorney's fees:

> (a) Notwithstanding § 20-12-119(c)(5)(A), if a claim is filed with a Tennessee or federal court . . . against an employee of the state or of a governmental entity of the state in the person's individual capacity, and the claim arises from actions or omissions of the employee acting in an official capacity or under color of law, and that employee prevails in the proceeding as provided in this section, then the court or other judicial body on motion shall award reasonable attorneys' fees and costs incurred by the employee in defending the claim filed against the employee.
>
> (b) For purposes of this section, the employee shall be the prevailing party if:
>
> (1) The employee successfully defends the claim alleging individual liability; or
>
> (2) The claim of individual liability is dismissed with or without prejudice after forty-five (45) days have elapsed after an answer or other responsive pleading is filed in which the employee asserts the employee was not acting within the employee's individual capacity at the time of the matters stated in the complaint.

TENN. CODE ANN. § 29-20-113. Few cases have interpreted the statute. Section (a)'s language, however, suggests the statute exists "to award reasonable attorney's fees and expenses to a prevailing state employee sued in her individual capacity for actions arising out of her official capacity." *Williams v. Shelby Cnty. Sch. Sys.*, No. 2:17-cv-2284, 2019 WL 2505051, at *1 (W.D. Tenn. June 17, 2019). Government employees deserve attorney's fees, according to the statute, when sued in their individual capacity for claims that actually stem from their official capacity actions. *Id.*; TENN. CODE ANN. § 29-20-113(a).

To receive attorney's fees, the government employee must prevail on his individual capacity claim. TENN. CODE ANN. § 29-20-113(a). The statute defines "prevailing party" broadly. Indeed, a government employee is deemed a prevailing party even if his individual capacity claim

is dismissed *without* prejudice, so long as he "asserts" in his answer, at least forty-five days before the dismissal, that he was not acting in his individual capacity. *Id.* at § (b)(2). Subsection (b)(2), to summarize, imposes three procedural requirements before a government employee defendant may be classified as a prevailing party: (1) the plaintiff's individual capacity claim is dismissed with or without prejudice; (2) the dismissal occurs at least forty-five days after the government employee filed an answer or responsive pleading; and (3) the government employee's answer or responsive pleading asserts that he was not acting in his individual capacity as to the claims alleged. *Id.*; *Aylor v. Carr*, No. M2018-01836-COA-R3-CV, 2019 WL 2745625, at *4 (Tenn. Ct. App. July 1, 2019).

Jones satisfies the first two procedural requirements. In *Ogle I*, Ogle stipulated to dismissing without prejudice all claims against Jones, including the individual capacity claims she asserted against him. *Ogle I*, No. 3:18-cv-220, Doc. 20 (E.D. Tenn. July 1, 2019). And Ogle stipulated to the dismissal on July 1, 2019, which was more than forty-five days after Jones filed his answer on August 9, 2018. *Id.* at Docs. 10, 20.

That leaves the third procedural requirement. Jones must have "asserted" in his answer that he was not acting in his individual capacity as to the claims alleged. To Jones, his denial of a single allegation in Ogle's amended complaint suffices. Ogle's amended complaint in *Ogle I* included the following allegation:

> 35. By the acts and practices described above, William T. Jones, *in his individual capacity* and under color of law, discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex, including creating a hostile work environment based on sex, thus depriving Plaintiff of her rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

*Id.* at Doc. 7, ¶ 35 (emphasis added). In his answer, Jones stated that "[t]he allegations of numbered paragraphs 35 to 38 of the Complaint are denied." *Id.* at Doc. 10, ¶ 35. Jones equates this general

6

denial with an assertion sufficient to satisfy the third procedural requirement. [Doc. 90 at 1–2]. Because the allegation references Jones acting in his individual capacity, and Jones generally denied that allegation, he argues the third procedural requirement is satisfied. [*Id.*]. The Court cannot accept Jones's argument, which, if accepted, would significantly broaden an already-broad statute.

For one, a denial is not the same as an assertion. Assertions involve affirmative declarations, and through his general denial, Jones did not affirmatively express that he was not acting in his individual capacity. At best, he implicitly suggested as much.[1] Jones did not affirmatively contend in his answer or any responsive pleading that he was not acting in his individual capacity. *Cf. Aylor*, 2019 WL 2745625, at *5 (finding government employee defendants made the requisite assertions upon arguing in their motions to dismiss that they were only acting in their official capacities). His mere denial is insufficient.

Beyond the distinction between assertions and denials, Jones's argument fails for an additional reason. Specifically, Jones's argument would undermine subsection (b)(2)'s purpose. A government employee is considered a prevailing party under subsection (b)(2) only if forty-five days elapse between his answer and dismissal of the individual capacity claims. TENN. CODE ANN. § 29-20-113(b)(2). The forty-five day window presumably exists to give the plaintiff an opportunity to amend her complaint. The statute's contemplated scenario is apparent: the plaintiff files a complaint alleging individual capacity claims, the government employee answers that he was not acting in his individual capacity, and the plaintiff has forty-five days to amend her complaint to remove any improperly pled individual capacity claims. For the forty-five day grace

---

[1] The Court seriously doubts that Jones, through his general denial, placed Ogle on notice that he was disputing the component of the allegation that cast him as acting in his individual capacity. What is far more likely, in the Court's view, is that Jones's general denial evinced a denial of Paragraph 35's specific allegation that he created a hostile work environment, not that he was acting in his individual capacity at the time.

period to serve its corrective purpose, the government employee's answer necessarily must place the plaintiff on notice that her complaint wrongfully includes individual capacity claims. Otherwise, the plaintiff would not know to amend her complaint, and the defendant could request attorney's fees following a subsequent dismissal, even if the plaintiff lacked any notice of the alleged deficiency.

Subsection (b)(2)'s built-in grace period is premised on notice. The Court cannot fathom that Jones's general denial of Paragraph 35, which primarily alleged liability for a hostile work environment, placed Ogle on notice that her complaint contained an improperly pled individual capacity claim. It would be different if Jones specifically stated in his denial that he denies acting in his individual capacity or raised an affirmative defense to the same effect. But Jones did neither of those things. His general denial, if deemed sufficient, would undermine subsection (b)(2)'s overall design and emphasis on notice. For this reason, and because denials are distinct from assertions, Jones's request for summary judgment on his first counterclaim is denied.

### C. Ogle's Motion for Partial Summary Judgment

The final motion the Court must consider is Ogle's Motion for Partial Summary Judgment [Doc. 78]. Ogle seeks two forms of relief. First, she seeks to prevent Anderson County from relitigating Jones's status as a final policymaker in light of the Sixth Circuit's decision in *Harness*. Second, she asks the Court to rule that Anderson County has forfeited the *Ellerth*/*Faragher* affirmative defense and may not raise it at trial. For the reasons discussed below, Ogle's requested relief will be denied.

#### 1. Final Policymaker Status

Ogle's first request for relief requires the Court to examine the Sixth Circuit's decision in *Harness v. Anderson County, Tenn.*, No. 21-5710, 2023 WL 4482371 (6th Cir. July 12, 2023).

8

Like Ogle, Gail Harness worked at the clerk's office and sued Jones and Anderson County for sexual harassment. *Id.* at *1. The district court held a trial, and the jury found for Anderson County. *Id.* The Sixth Circuit reversed the verdict based on two errors in the district court's jury instructions. *Id.*

The first error concerned the district court's rejection of Harness's proposed final policymaker instruction. *Id.* at *2. Whether Jones qualified as a final policymaker for Anderson County depended on if he acted as a county or state official in the context of personnel management at the clerk's office. *Id.* at *3. The district court characterized Jones a state official, which meant he was not a final policymaker for the County. *Id.* at *4. The Sixth Circuit disagreed and concluded that Jones acted as a county official with respect to personnel management. *Id.* at *3. Considering Jones's status as a county official, the district court erred in denying the final policymaker instruction. *Id.* at *5. This holding reduced Harness's burden considerably. With Jones being deemed a final policymaker for the County, his own misconduct could be attributed to the County as its official policy for purposes of imposing municipal liability. *Id.* This method of proof is easier than other theories of municipal liability which, rather than relying on Jones's own actions, must instead point to an official policy adopted by the county itself. *Id.*

Based on the Sixth Circuit's designation of Jones as a final policymaker, Ogle seeks to prevent Anderson County from relitigating this question. [Doc. 79 at 7]. But Anderson County has not attempted to relitigate the issue. The County filed its own dispositive motion and has not at any point attempted to argue that Jones is not a county official or final policymaker.[2] The closest

---

[2] In its response brief, Anderson County mentions that whether Jones is a final policymaker is not the issue and argues the Sixth Circuit did not need to make such a finding. [Doc. 84 at 3]. The County indicates that it would have stipulated to Jones's supervisory authority and implies that the stipulation would resolve this issue. [*Id.* at 3–4]. The Court disagrees. The *Harness* court considered the issue of whether Jones was a final policymaker separately from the issue of whether he was a supervisor. *See Harness*, 2023 WL 4482371, at *5. Though these issues appear intertwined, they are somewhat distinct. Jones's status as a final policymaker determines whether his actions can be attributed to the County as its official policy. *Id.* at *5. Meanwhile, his status as a supervisor determines whether Ogle must show that
9

the County comes to making such an argument occurs when it emphasizes that Jones did not make policy for the entire County. [Doc. 84 at 3]. *Harness* makes clear that to be deemed a final policymaker, the government official need only act as a final policymaker in the area relevant to the plaintiff's claim, which, in this case, is personnel management. *Id.* at *2 (citing *McMillian v. Monroe Cnty.*, 520 U.S. 781, 785 (1997)). Anderson County's mention of policymaking for the entire County is therefore inapposite; it suffices that Jones acted as a final policymaker in the context of personnel decisions at the clerk's office.

The Court does not discern any efforts from Anderson County to relitigate issues *Harness* squarely resolved. To the extent Ogle desires to prevent Anderson County from disputing Jones's final policymaker status at trial, a motion in limine, rather than a motion for summary judgment, would more appropriately address that concern. In any event, the Court will abide by *Harness*'s characterizations of Jones as a final policymaker and supervisor at trial, and the Court expects the parties to do the same. Ogle's request for summary judgment on the final policymaker issue is denied as moot.

### 2. *Ellerth/Faragher* Affirmative Defense

Ogle also seeks a ruling that Anderson County has forfeited the *Ellerth/Faragher* defense based on its failure to raise the defense in its answer. [Doc. 79 at 7]. Moreover, Ogle seeks a judgment in her favor on the defense. [*Id.*]. The *Ellerth/Faragher* defense can spare employers from being held vicariously liable for a supervisor's sexual harassment. *Thornton*, 530 F.3d at 456. The defense requires the employer to show "(a) that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and (b) that plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm

---

the County had knowledge of the harassment in order to hold the County liable. *Id.* at *5–6. Whether to attribute conduct and whether to require knowledge of conduct are separate issues.

10

otherwise." *Id.* (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998)).

Anderson County acknowledges that it did not plead the *Ellerth*/*Faragher* defense in its answer. [Doc. 84 at 1]. The County contends that it would not make sense for the Court to grant summary judgment on an unpled defense. [*Id.* at 1–2]. The Court agrees, and Ogle's request for summary judgment on the *Ellerth*/*Faragher* defense is denied as moot. If Ogle wants to prohibit Anderson County from alluding to the defense at trial, she may file a motion in limine, despite the County's indication that it does not intend to raise the defense. [*Id.* at 2].

### III. CONCLUSION

The Court has now considered three of the parties' dispositive motions. The Court's rulings on the parties' motions are summarized below:

- Jones's Motion to Dismiss [Doc. 71] is **GRANTED**, and his second counterclaim is **DISMISSED WITHOUT PREJUDICE**.

- Jones's Motion for Partial Summary Judgment [Doc. 75] is **DENIED**. Jones is not entitled to attorney's fees pursuant to TENN. CODE ANN. § 29-20-113.

- Ogle's Motion for Partial Summary Judgment [Doc. 78] is **DENIED AS MOOT**, both as to her request regarding Jones's final policymaker status and as to the *Ellerth*/*Faragher* defense.

**SO ORDERED.**

/s/ Charles E. Atchley, Jr.
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**