IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE

| | |
|---|---|
| AMY OGLE<br><br>  Plaintiff,<br><br>v.<br><br>WILLIAM T. JONES, individually and in his official capacities; and ANDERSON COUNTY, TENNESSEE,<br><br>  Defendants. | No. 3:20-cv-00293<br>Jury Demanded |

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**

Plaintiff Amy Ogle moves the Court under 42 U.S.C. § 1988, 28 U.S.C. § 1920, and Federal Rule of Civil Procedure 54(d)(2) for an Order awarding attorneys' fees and nontaxable expenses as the prevailing party on the judgment entered on July 12, 2024, Doc. 152.

## Background

### I. Litigation History

#### A. Pre-Filing Activities

On or about May 2, 2018, Amy Ogle retained the undersigned attorney, Richard E. Collins, to prosecute her claims of unlawful sexual harassment against Defendants. At the time, Mr. Collins was also representing Ms. Ogle's co-worker, Gail Harness, in connection with substantially similar allegations against the Defendants, interviewing other victims of the hostile work environment, collecting public records on behalf of both plaintiff-clients, and determining whether the claims were viable under 42 U.S.C. § 1983 and the Equal Protection Clause, rather than under Title VII of the Civil Rights Act of 1964, which limits compensatory damages, and which is does not permit suit against non-employer individual defendants like Jones. The decision to proceed against

Defendants under § 1983 added complexity to Harness and Ogle's cases, but doing so was critical to the level of success achieved.

2. Procedural History of Federal Litigation

On June 3, 2018, the undersigned filed suit on behalf of Ms. Ogle in this Court, E.D. Tenn. 3:18-cv-00220 ("*Ogle I*"). In *Ogle I*, the parties engaged in limited discovery, and Ms. Ogle was deposed. However, on the advice of her counsel, Ms. Ogle elected to voluntarily dismiss *Ogle I* without prejudice, which she did on July 1, 2019, by stipulation, *see Ogle I*, 3:18-cv-00220, Doc. 20. On behalf of Ms. Ogle, the undersigned filed this action on June 30, 2020, Doc. 1. Importantly, none of the time or costs expended in *Ogle I* is included in the instant request. *See* Collins Decl. ¶10, attached as **Exhibit 1**.

Meanwhile, Gail Harness's case proceeded to trial in June 2021 before District Judge Collier. Harness's trial and the resulting appeal were critical to the level of success later achieved by Ms. Ogle because the question of whether Jones was a final policymaker for Anderson County under § 1983 was thoroughly litigated and conclusively decided against the county. *Harness v. Anderson County*, No. 21-5710, 2023 WL 4482371 (6th Cir. July 12, 2023). On this question, the Sixth Circuit panel's decision in *Harness* became the law of the case for Ogle. This streamlined Ogle's presentation of the proof at trial and eliminated her burden of proving more complicated theories of municipal liability. This, of course, worked to Ms. Ogle's benefit. However, here again, none of the time and substantial resources and costs committed to Harness's case is included in the instant request. *See* Collins Decl. ¶ 10.

Additionally, during the pendency of this case, and as the Court is aware, Jones sued Ms. Ogle and Ms. Harness in the Anderson County Chancery Court. While it was clear that Jones's state court suit was improper and intended to intimidate Ms. Ogle and a key witness, Ms. Harness, and

while the state court suit was vexatious and very time-consuming especially at critical periods of preparation for the trial of this case, following the jury's verdict, Jones agreed to dismiss his state court suit in its entirety with prejudice. In consideration of Jones's dismissal of that suit, Plaintiff does not seek fees or expenses incurred in defending Jones's chancery court case. *See* Collins Decl. ¶10.

Accordingly, Plaintiff respectfully submits that there is also no need for this Court to apportion time and expenses committed solely to Jones. As the Court is aware, throughout this case and at trial, Anderson County and Jones presented a coordinated defense to Plaintiff's claims. They are, therefore, jointly and severally liable for Plaintiff's damages, and the fees and costs to be awarded under 42 U.S.C. § 1988 should likewise be regarded as joint and several. *Weeks v. Chaboudy*, 984 F.2d 185, 188-89 (6th Cir. 1993) (discussing joint and several liability under § 1983 and federal common law rule from *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256 (1979)); *Koster v. Perales*, 903 F.2d 131, 140 (2d Cir. 1990) ("[W]e hold that the district court's imposition of joint and several fee liability was a proper exercise of its discretion."); *see also Berry v. Sch. Dist.*, 703 F. Supp. 1277, 1286 (W.D. Mich. 1986) (describing methods for apportioning fees if warranted in court's discretion).

### B. Settlement Negotiations

By order entered October 5, 2023, this Court referred the parties to mediation. *See* Order, Doc. 49. On February 9, 2024, the parties engaged in a mediation with a retained mediator, Stephen Daves. The mediation went on for a full day, but the case was not resolved.

### C. Trial and Judgment

This case proceeded to trial between July 9 and July 11, 2024. Plaintiff's case consisted of the testimony of seven witnesses (Bearden, Jeffers-Whitaker, Harness, Joens, Carr, Plaintiff, and

3

Case 3:20-cv-00293-CEA-JEM   Document 158   Filed 08/02/24   Page 3 of 9   PageID #: 1225

Williams).  To avoid unnecessary repetition and the distraction of side issues, Plaintiff elected not to a call a number of witnesses, including Tracy Sptizer, Kaylee Winstead, Jay Yeager, Mayor Terry Franks, and others.  The defense called no witnesses.

On July 11, 2024, the jury found that Plaintiff proved by a preponderance of the evidence that Defendants subjected her to a hostile work environment under 42 U.S.C. § 1983. On this claim, the jury awarded Plaintiff damages of $1,500,000.00 against Defendant Jones and $650,000.00 against Defendant Anderson County.  The jury also found that under 42 U.S.C. § 1983, Plaintiff proved by a preponderance of the evidence that Defendants subjected her to quid pro quo sexual harassment. On this claim, the jury awarded Plaintiff damages of $1,500,000.00 against Defendant Jones and $650,000.00 against Defendant Anderson County.  The jury further found that under 42 U.S.C. § 1983, Plaintiff proved her entitlement to punitive damages against Defendant Jones by a preponderance of the evidence. By separate verdict, the jury awarded $1,000,000.00 in punitive damages against Defendant Jones.

In addition to Plaintiff's Section 1983 claims, the jury found that Plaintiff proved by a preponderance of the evidence that Defendant Anderson County subjected her to a hostile work environment under the Tennessee Human Rights Act and awarded her $650,000.00 in damages. Finally, the jury found that Plaintiff did not prove by a preponderance of the evidence that Defendant Anderson County, subjected her to quid pro quo harassment under the Tennessee Human Rights Act.  The jury did not find that Plaintiff proved quid pro quo harassment under the THRA.  Plaintiff submits, however, that this finding does not diminish in any way her standing as the prevailing party.

## II. Plaintiff's Counsels' Experience and Hourly Rates

The experience and hourly rates charged by Plaintiff's attorneys are summarized in the Declarations of Richard E. Collins (Ex. 1), Dan Channing Stanley, attached as **Exhibit 2**, and Ursula Bailey, attached as **Exhibit 3**. In sum, their requested billing rates are as follows: Richard Collins ($400/hr.); Dan Channing Stanley ($425/hr.); Ursula Bailey ($400/hr.).

## III. Hours Expended

Each of Plaintiff's attorneys was responsible for recording their own time, and each has submitted an individual declaration in support of the hours respectively recorded and submitted. From the beginning of this case through trial, adding the hours included in each attorney's respective declarations, Plaintiff's attorneys expended a total of 761 hours.

## Argument and Authority

### I. Plaintiff Is Entitled to Reasonable Attorneys' Fees and Expenses.

#### A. Plaintiff's Attorneys' Fees Are Reasonable.

Title 42, Section 1988(b), United States Code authorizes a court to award "a reasonable attorney's fee as part of the costs" to a prevailing party in a civil rights case brought under 42 U.S.C. § 1983. 42 U.S.C. § 1988(b). Typically, the reasonableness of an attorney's fee request is measured by the lodestar method to start. *NE Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016). This method calls for multiplying "the number of hours reasonably expended . . . by a reasonable hourly rate." *Id*. (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A fee is reasonable under section 1988 if it is "sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." Planned Parenthood *SW Ohio Reg. v. DeWine*, 931 F.3d 530, 542 (6th Cir. 2019) (quoting Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010)). "The party seeking attorney's fees bears the

5

burden of proof on the number of hours expended and the rates claimed." *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999). If "documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433 (1983). Additionally, a court must "exclude . . . hours that were not reasonably expended." *Id*. at 434 (quotation marks omitted).

A district court may adjust the lodestar in appropriate cases where it is "necessary to the determination of a reasonable fee. *Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005). To evaluate whether an adjustment is warranted, district courts are directed to consider the twelve so-called Johnson factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Blanchard v. Bergeron*, 489 U.S. 87, 91 n.5 (1989) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)); *Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2004); *Barnes*, 401 F.3d at 745-46.

### B. The Hourly Rates of Plaintiffs' Counsel Are Reasonable.

District courts have broad discretion to determine the reasonable hourly rate for an attorney, but the Sixth Circuit has directed courts to look to the prevailing market rate, which is defined by the rate charged by attorneys of comparable skill and experience in the jurisdiction where the court sits. *See Husted*, 831 F.3d at 715. To determine a rate, a court may consult "a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Id*. (quoting *Van Horn v. Nationwide Prop. & Cas. Ins.*, 436 F. App'x 496, 499 (6th Cir. 2011)).

6

As set forth in their respective declarations, the following hourly rates are submitted as reasonable: Richard Collins ($400/hr.); Dan Channing Stanley ($425/hr.); Ursula Bailey ($400/hr.).

## C. Plaintiff Is Entitled to Fees for Litigating Post-Trial Motions.

A prevailing party under Section 1988 is entitled to recover fees for work performed in preparing the motion for attorney's fees itself, and for other post-trial motions. *See, e.g.*, *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir.1986) (fees for preparation of fee petition). Here, Plaintiff seeks 5.8 hours in the preparation of this motion and filings. *See* Collins Decl. ¶ 9.

## D. The Litigation Expenses Requested Are Reasonable.

It is well established that attorney's fees under 42 U.S.C. § 1988 include reasonable out-of-pocket litigation expenses that would normally be charged to a fee-paying client, even if the court cannot tax these expenses as 'costs' under 28 U.S.C. § 1920. Plaintiff seeks an award of **$2,172.50** in out-of-pocket litigation expenses. *See* Collins Decl. ¶ 12.

## E. Statement Regarding THRA Prevailing Party Status

The THRA also permits reasonable attorney's fees under Tennessee Code Ann. § 4-21-306(a)(7). Plaintiff submits that she has found no case law demonstrating a difference in how fees should be determined under the THRA versus § 1983. Additionally, Plaintiff submits that there is no reasonable way to apportion her fees proving her claim under the THRA versus those falling under the § 1983.

## Conclusion

Plaintiff should be awarded $312,515 in pre-judgment attorneys' fees; $2,172.50 in pre-judgment expenses; and $2,320 in post-judgment fees.

Respectfully submitted,

*Richard Collins*
Richard E. Collins (TBR 024368)
422 S. Gay Street, Suite 301
Knoxville, TN 37902
(865) 323-1260
(865) 321-8915 fax
richard@recollinslaw.com

**Attorney for Plaintiff Amy Ogle**

**CERTIFICATE OF SERVICE**

     I certify that on this August 2, 2024, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                    */s/ Richard Collins*
                                            Richard E. Collins (TN Bar No. 024368)